Joanna Ardalan (Bar No. 285384)
Email: jardalan@onellp.com
**ONE LLP**
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 437-8665
Facsimile: (310) 943-2085

John Tehranian (Bar No. 211616)
Email: jtehranian@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Attorneys for Plaintiff,
ALAN V. SATTERWHITE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ALAN V. SATTERWHITE, an individual<br><br>Plaintiff,<br><br>v.<br><br>RICHARD HENDRIX, LLC, a California corporation, d/b/a UNION LOS ANGELES, and DOES 1-10, inclusive<br><br>Defendant | Case No.<br><br>**1) COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br>**2) REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. § 1202)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Alan V. Satterwhite ("Plaintiff" or "Satterwhite), by and through his attorneys of record, complains against Richard Hendrix LLC, d/b/a Union Los Angeles ("Union" or "Defendant") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

2. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Satterwhite is a resident of Los Angeles, California.

4. Plaintiff is informed and believes and, upon such, alleges that Defendant is a California corporation with a principal place of business at 110 S. La Brea, Los Angeles, CA 90036.

5. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

///
///
///

# STATEMENT OF FACTS

*Plaintiff and The Photos Forming the Subject Matter of This Dispute*

6. Alan V. Satterwhite is a prominent photographer who has taken iconic photos of numerous renowned public figures, including Muhammad Ali, Arnold Schwarzenegger, and Hunter S. Thompson.

7. Mr. Satterwhite's photographic works are in the permanent collections of the Smithsonian National Portrait Gallery, Houston Fine Art Museum, Santa Barbara Museum of Art, Los Angeles County Museum of Art, George Eastman House, Polaroid Collection, National Museum of African American History and Culture and numerous private collections. Mr. Satterwhite has also published several photographic collections and sells prints of his photographic works exclusively through art dealers.

8. In 1974, Mr. Satterwhite accompanied his friend, and famed author, Hunter S. Thompson, on a trip to Cozumel, Mexico. During this trip, Mr. Satterwhite shot several compelling photographs of Mr. Thompson, including three different photographs of Mr. Thompson ("Satterwhite's Copyrighted Content") – one with Mr. Thompson looking the part of the suave traveler casually dangling a cigarette with its holder pursed between his lips; one with him solemnly pouring a beer with his cigarette and holder sandwiched between his fingers; and a third with him focused on the camera, about to raise his beer. A copy of at least three of these photographs is attached as Exhibit A.

*Defendants and their Unlawful Activities*

9. On information and belief, Defendants own, operate and/or control the website located at www.unionlosangeles.com (the "Website").

10. On information and belief, Defendants own, operate and/or control the tumblr account "unionlosangeles" (located at http://unionlosangeles.tumblr.com), which they use to promote and advertise Union Los Angeles's own products and to interact with a social media base with the goal of promoting the Union Los Angeles brand.

11. On information and belief, in 2014, Defendants reproduced, distributed and publicly displayed the Photos on their tumblr account.

3
**COMPLAINT**

12. On or around September 2014, Defendants subsequently reproduced, distributed and publicly displayed the Photos on their Website, with the byline "#beastWAVE… Highlights from unionlosangles.tumblr.com." A copy of the infringement is attached as Exhibit B.

13. Defendants used Mr. Satterwhite's images on the social media platform tumblr and on their Website to cultivate an aesthetic that promotes the Union Los Angeles brand and drives traffic to their website, where they sell clothing products. Thus, Defendants acted with the purpose and goal of financial gain, despite being a sophisticated retailer of expensive, luxury clothing with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

14. Plaintiff has attempted to resolve this case short of litigation. Plaintiff approached Defendants to request that they cease and desist unlawful use of his copyrighted works and take appropriate steps to resolve this matter amicably. Defendants and their representatives declined, stating in no uncertain terms that "we have no intention of paying Mr. Satterwhite any money," even though they have admitted use of the Satterwhite Copyright Materials without any license or consent of Mr. Satterwhite—a fact that only exacerbates the bad faith in Defendants' conduct Thus, since Defendants have made crystal clear that they will not pay Satterwhite a penny for the infringement of his copyright works, Defendants have given Plaintiff no alternative but to file suit to protect his basic intellectual property rights from willful infringement.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501)

15. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 14 above.

16. Plaintiff is the rightsholder to the copyrights to the Photos, which substantially consist of wholly original material that constitutes copyrightable subject matter under the

laws of the United States.  Plaintiff has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights, including timely registering Satterwhite's Copyright Content with the United States Copyright Office, Registration Number VAu753-251 (June 11, 2007).

17. Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Mr. Satterwhite's copyrights by reproducing, displaying, distributing and utilizing the Copyrighted Works for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

18. Defendants have willfully infringed the Photos by knowingly reproducing, displaying, distributing and utilizing Satterwhite's Copyrighted Content for purposes of trade.

19. Defendants' acts of infringement are willful because, inter alia, Defendant is a sophisticated retailer of clothing with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.  In addition, and most damningly, Defendants have admitted that they obtained the photographs from a source that specifically indicated Mr. Satterwhite's authorship of the works at issue in this case and, yet, plainly knowing that the work were attributed to Mr. Satterwhite, Defendants made use of them without consent or license and without seeking to obtain a license.

20. On information and belief, Defendant, despite such knowledge, willfully reproduced, publicly distributed and displayed Satterwhite's Copyrighted Content on its Website and tumblr page.  Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization Satterwhite's Copyrighted Content for purposes of trade, including by increasing the traffic to Defendants' website and, thus, increasing the sales realized.

21. As a result of the acts of Defendants alleged herein, Satterwhite has suffered substantial damage to his business in the form injury to goodwill and reputation, and the dilution of the value of his rights, all of which are not yet fully ascertainable.  Accordingly,

Satterwhite seeks a declaration that Defendants have infringed Satterwhite's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Satterwhite's copyrights.

## SECOND CLAIM FOR RELIEF

(**Removal of Copyright Management Information, 17 U.S.C. § 1202(b) *et seq.*, against Defendants**)

22.   Plaintiff incorporates here by reference the allegations in paragraphs 1 through 21 above.

23.   The name of, and other identifying information about, the author of a work and the copyright owner of the work constitutes "copyright management information" as defined under 17 U.S.C. § 1202(c)(2) & (3).

24.   In conjunction with their distribution and public display, Defendants have admitted that they obtained the photographs from a source (http://losetheboyfriend.tumblr.com/post/138937140851/hunter-s-thompson-cozumel-mexico-capture-by) that specifically and clearly indicated Mr. Satterwhite's authorship of the works at issue and the date thereof.  And, yet, despite plainly knowing that Satterwhite's Copyright Content was dated 1974 and attributed to Mr. Satterwhite, Defendants made use of said Content only after intentionally removing the indication of Mr. Satterwhite's authorship and the date thereof and without any attribution to him whatsoever.

25.   As such, Mr. Satterwhite is informed and believes and on that basis alleges that Defendants, without the knowledge or authority of Mr. Satterwhite or the law, and with the intent to induce, enable, facilitate and/or conceal infringement of Mr. Satterwhite's copyright or, having reasonable grounds to know that it would induce, enable, facilitate and/or conceal infringement of Mr. Satterwhite's copyright, intentionally removed or altered and/or caused or induced others to remove or alter copyright management information from Satterwhite's Copyrighted Content, and/or distributed or imported Satterwhite's Copyrighted Content and/or caused or induced others to distribute or import

Satterwhite's Copyrighted Content with knowledge of the removal or alteration of Satterwhite's copyright management information, and/or distributed or imported for distribution Satterwhite's Copyrighted Content with knowledge of the removal or alteration of copyright management information in violation of 17 U.S.C. § 1202(b)(1)-(3).

26. Defendants' removal and/or alteration of copyright management information for Satterwhite's Copyrighted Content and subsequent distribution and public display of Satterwhite's Copyrighted Content was willful and intentional, and was and is executed with full knowledge of Mr. Satterwhite's rights under copyright law, and in disregard of Satterwhite's rights.

27. Mr. Satterwhite is entitled to recover its actual damages suffered as a result of the violation and any profits of Defendants attributable to the violation and not taken into account in computing actual damages, or, at Mr. Satterwhite's election, statutory damages, pursuant to 17 U.S.C. § 1203(c), of up to $25,000 per act of removal and/or alteration.

28. Mr. Satterwhite is entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

29. Defendants' violation of 17 U.S.C. § 1202(b) has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Mr. Satterwhite not fully compensable in monetary damages. Pursuant to 17 U.S.C. § 1203(b), Mr. Satterwhite is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That the Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other

media, either now known or hereafter devised, bearing any image or design which infringe, contributorily infringe, or vicariously infringe upon Satterwhite's Copyrighted Content;

2. For the entry of a seizure order directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Satterwhite's Copyright Content copyrights, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any materials which infringe, contributorily infringe, or vicariously infringe upon Satterwhite's Copyright Content as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like.

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and to reimburse Satterwhite for all damages suffered by Plaintiffs by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 1203(c)(1)(A) & (c)(2).

4. For an accounting of all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 1203(c)(1)(A) & (c)(2).

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c), 1203(c)(1)(B) & (c)(3)(B).

6. For costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 505, 1203(b)(4).

7. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. §§ 505, 1203(b)(5).

8. For any such other and further relief as the Court may deem just and appropriate.

Dated:  November 1, 2016              **ONE LLP**

                                By:  /s/ Joanna Ardalan
                                      Joanna Ardalan
                                      John Tehranian
                                      Attorneys for Plaintiff,
                                      Alan V. Satterwhite

## DEMAND FOR JURY TRIAL

Plaintiff Satterwhite hereby demands trial by jury of all issues so triable under the law.

Dated: November 1, 2016　　　　　**ONE LLP**

　　　　　　　　　　　　　　　　By: /s/ Joanna Ardalan
　　　　　　　　　　　　　　　　　　Joanna Ardalan
　　　　　　　　　　　　　　　　　　John Tehranian
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff,
　　　　　　　　　　　　　　　　　　Alan V. Satterwhite